# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY LAMON, | CASE NO. 1:07-cv-00493 AWI DLB PC |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION TO FILE SECOND AMENDED COMPLAINT |
| v. | (Doc. 26). |
| JOHN TILTON, et al., | ORDER DISMISSING SECOND AMENDED COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO COMPLY WITH RULES 8 AND 18 |
| Defendants. | |
| / | (Doc. 1) |

**I.   Order Granting Plaintiff's Motion to File Second Amended Complaint**

On September 9, 2008, plaintiff moved for leave to file a second amended complaint (Doc. 26).

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served.  Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires.  Fed. R. Civ. P. 15(a).  In this case, plaintiff has previously filed an amended complaint.  Therefore, plaintiff may not file a second amended complaint without leave of court.

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so

1

1  requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 445 F.3d 1132, 1136 (9th Cir. 2006)
2  (quoting Fed. R. Civ. P. 15(a)). However, courts "need not grant leave to amend where the
3  amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue
4  delay in the litigation; or (4) is futile." Id. The factor of "'[u]ndue delay by itself . . . is insufficient
5  to justify denying a motion to amend.'" Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d
6  708, 712,13 (9th Cir. 2001) (quoting Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999)).

7      Because the changes to plaintiff's first amended complaint are minor, the court shall grant
8  plaintiff's motion, and the Clerk of the Court is directed to file plaintiff's second amended
9  complaint, lodged September 9, 2008. Plaintiff's second amended complaint is subject to the
10 court's screening below.

11 **II.    Screening Requirement**

12     Plaintiff Barry Lamon ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis
13 in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on March 29, 2007.

14     The Court is required to screen complaints brought by prisoners seeking relief against a
15 governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The
16 Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
17 "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
18 monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).
19 "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall
20 dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a
21 claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

22 **III.   Plaintiff's Second Amended Complaint Violates Rules 8 and 18 of the Federal Rules of**
23        **Civil Procedure.**

24     "Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim
25 showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). Rule 8(a) expresses the
26 principle of notice-pleading, whereby the pleader need not give an elaborate recitation of every fact
27 he may ultimately rely upon at trial, but only a statement sufficient to "'give the defendant fair notice
28 of what the plaintiff's claim is and the grounds upon which it rests.'" Swierkiewicz v. Sorema N.

A., 534 U.S. 506, 511-12, 122 S.Ct. 992 (2002) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47, 78 S.Ct. 99 (1957)).

Rule 18(a) provides that "[a] party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." Further,

> [M]ultiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915 (g).

<u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff is in violation of both Rules 8 and 18 of the Federal Rules of Civil Procedure. The Court has reviewed plaintiff's second amended complaint, which is over seventy pages long, and contains, *inter alia*, allegations of retaliation, denial/ interference with medical care, interference with access to the courts, excessive force, failure to protect, violations of the Equal Protection Clause, violation of the Due Process Clause, as well as state law claims. Plaintiff also names approximately one hundred defendants. Plaintiff's complaint is neither short nor does it contain a plain statement of his claim. F.R.C.P.8(a). Plaintiff's second amended complaint also contains allegations concerning different defendants involved in unrelated incidents. F.R.C.P. 18(a).

The Court shall dismiss plaintiff's second amended complaint for failure to comply with Rules 8 and 18. Plaintiff will be granted leave to file a third amended complaint. <u>Plaintiff is expressly cautioned that the Court will not tolerate any further attempt to include unrelated claims involving different defendants in a single complaint, or any further attempt to file a complaint that violates Rule 8</u>. Plaintiff was previously provided with the legal standards that appeared to be most applicable, and he should refer to those legal standards when drafting his third amended complaint.

Plaintiff is cautioned that any complaint that does not comply with Rule 8 or 18(a) will result in the recommendation that this action be dismissed for plaintiff's failure to obey a court order and/or

failure to state a claim.

///

## IV.    Conclusion

Plaintiff's second amended complaint fails to comply with Rules 8 and 18(a) of the Federal Rules of Civil Procedure. The Court will provide Plaintiff with the opportunity to file a third amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Plaintiff's third amended complaint should be **brief**, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick v. Hunter, 500 F.3d 978, 987-88 (9th Cir. 2007). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to comply with Rules 8 and 18(a);

2. The Clerk's Office shall send Plaintiff a complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a third amended complaint;

4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended

complaint; and

5. If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim and failure to obey a court order.

IT IS SO ORDERED.

Dated: **September 11, 2008**         /s/ **Dennis L. Beck**
                                     UNITED STATES MAGISTRATE JUDGE