# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

BARRY LAMON,

          Plaintiff,

   v.

JOHN TILTON, et al.,

          Defendants.

_____/

CASE NO. 1:07-cv-00493-AWI-DLB PC

FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTIVE RELIEF BE DENIED

(Doc. 42)

Plaintiff Barry Lamon ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On September 12, 2008, the Court dismissed Plaintiff's second amended complaint with leave to amend, for failure to comply with Rules 8 and 18 of the Federal Rules of Civil Procedure. (Doc. 28).  On December 18, 2008, Plaintiff filed a third amended complaint, along with a motion for a temporary restraining order and injunctive relief. (Doc. 42).

Plaintiff's third amended complaint has not yet been screened pursuant to 28 U.S.C. § 1915A(a) and defendants have not yet been served.  Until the third amended complaint has been served on defendants and they have appeared in this action, the court will not have jurisdiction over any of the defendants and may not issue any orders mandating that they take certain action.  Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985).  However, in light of the self-reported urgency of Plaintiff's request for a temporary restraining order and preliminary injunctive relief, the Court shall address Plaintiff's pending motion.

///

I.    **Motion for Temporary Restraining Order/Preliminary Injunctive Relief**

In his third amended complaint, Plaintiff alleges, <u>inter</u> <u>alia</u>, that defendants at California State Prison - Corcoran ("CSP-Corcoran") have retaliated against him for filing prison grievances and lawsuits by tainting his food so that he suffers from excruciating pain in his head, throaght [sic], stomach, intestines, liver, kidneys, heart and rectum. (Doc. 41, p.19). Plaintiff states that these actions have been ongoing since his transfer to CSP-Corcoran from California State Prison - Sacramento ("CSP-Sacramento") in February 23, 2006. (<u>Id</u>).

In his instant motion, plaintiff attests that on September 9, 2008, he was transferred to CSP - Sacramento in order to attend on an unrelated court matter. (Doc. 42, p.4). Plaintiff was then transferred back to CSP - Corcoran on October 29, 2008. Plaintiff attests that since his return to CSP - Corcoran, the retaliation has become "amplified" and his meals are being tainted "so sadistically that it is mostly inedible. When I do eat portions of it I become violently ill with excruciatingly painful burning and aching in my stomach, intestines, rectum, and suffer from peculiar tear-producingly [sic] -painful throbbing aches in my brain, and painful irritation and a pervasive chemical scent, and after-taste." (<u>Id</u>.). In his declaration, Plaintiff attests that the bread he receives is "hard and matted, showing obvious indications of having been fouled with some liquid and allowed to dry. My fruit...all evince hypodermic-needle type puncture marks....[a]ll plated meals are liberally-doused in some foreign liquid substance." (<u>Id</u>., at p.5).

Plaintiff requests a court order commanding defendants Tilton and Adams to conduct an investigation; an order for an evidentiary hearing into Plaintiff's allegations, pre-trial discovery, "redress of the matter of his need for adequate classification of his protective custody status", and a transfer to a federal facility.

A.    **Legal Standard**

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. <u>University of Texas v. Camenisch</u>, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious

questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (quotations and citations omitted). A mandatory preliminary injunction such as that sought by plaintiff in the instant motion "is subject to heightened scrutiny and should not be issued unless the facts and the law clearly favor the moving party." Dahl v. Hem Pharmaceuticals Corp., 7 F.3d 1399, 1403 (9th Cir. 1993).

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. "A federal court may issue an injunction *if* it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may *not* attempt to determine the rights of persons not before the court. " Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added).

In addition, any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A).

**B.      Discussion**

As a preliminary matter, the Court lacks jurisdiction to an order commanding Plaintiff's transfer to a federal facility and into the custody of federal prison officials. <u>Zepeda.</u> Even if the Court had jurisdiction to do so and found a constitutional violation in this case, the appropriate remedy would not be to transfer Plaintiff to a federal prison. The relief must be narrowly tailored to remedy Plaintiff's allegations of retaliation and deliberate indifference while incarcerated at CSP-Corcoran. A transfer to a federal prison would not meet this requirement.

Plaintiff submits that he has been subject to wanton and unnecessary infliction of pain and also a chronic life-threatening condition called "non-diabetic hypoglycemic acute allergic reaction." (Doc. 42, p.5). Plaintiff may offer his lay opinion as to the symptoms he is experiencing but may not offer his opinion as to the underlying medical causes for his symptoms and problems. Except for the recount of symptoms Plaintiff attests to experiencing after eating, he has not provided any evidence that his health is in imminent danger due to food tainting. The only medical evidence submitted by Plaintiff is a discharge instruction sheet from Hanford Community Medical Center dated October 6, 2006, which indicates that on that date two years ago, Plaintiff suffered an incidence of low blood sugar (hypoglycemia). (Doc. 42, Exh. K). Plaintiff has also submitted numerous declarations from other inmates containing inadmissible hearsay, wherein the declarants generally attest to having observed Plaintiff complaining about his food and having observed food packages delivered to Plaintiff that appeared to be previously opened. The bulk of these declarations concern events in 2006, and were drafted in 2006. (See Doc 42, Exhs. C, D, E, F, G)[1]. They fail to demonstrate any significant threat of irreparable injury to Plaintiff now that would warrant the issuance of a temporary restraining order, or order granting injunctive relief. The Court finds that Plaintiff has not met his burden and his motion must be denied.

**II.      Conclusion and Recommendation**

Based on the foregoing, the court HEREBY RECOMMENDS that plaintiff's motion for a temporary restraining order and preliminary injunctive relief, filed December 18, 2008, be DENIED.

---

[1] Portions of Exhibit I (Declarations of Lenton Hall)are missing, as is Exhibit J (Declaration of Inmates Stevens, McGinnis, and Malone) in its entirety.

1        These Findings and Recommendations will be submitted to the United States District Judge

2   assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30)**

3   **days** after being served with these Findings and Recommendations, plaintiff may file written

4   objections with the court.  The document should be captioned "Objections to Magistrate Judge's

5   Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

6   specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d

7   1153 (9th Cir. 1991).

8        IT IS SO ORDERED.

9   **Dated:   December 23, 2008**          **/s/ Dennis L. Beck**
                                              UNITED STATES MAGISTRATE JUDGE