# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY LAMON,<br><br>    Plaintiff,<br><br> v.<br><br>JOHN TILTON, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:07-cv-00493 AWI DLB PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT CERTAIN CLAIMS AND DEFENDANTS BE DISMISSED FROM ACTION<br><br>(Doc. 41)<br><br>OBJECTIONS, IF ANY, DUE IN THIRTY DAYS |

**Findings and Recommendations Following Screening of Third Amended Complaint**

**I. Screening Requirement**

  Plaintiff Barry Lamon ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on March 29, 2007. On September 12, 2008, the Court dismissed Plaintiff's second amended complaint, with leave to amend, for failure to comply with Rules 8 and 18(a) of the Federal Rules of Civil Procedure. Plaintiff filed a third amended complaint on December 18, 2008, which is subject to the Court's screening below.

  The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

**II.     Summary of Plaintiff's Third Amended Complaint**

Plaintiff is presently incarcerated at California State Prison - Corcoran ("CSP-Corcoran"), where the events at issue allegedly occurred. Plaintiff names over seventy-five defendants in this action. The defendants include at least four Doe defendants, thirty-one correctional officers, four correctional counselors, four correctional cooks, a registered dietitian, nine correctional sergeants, a correctional lieutenant, three inmate appeals coordinators, two staff psychologists, two staff psychiatrists, a correctional rabbi, eight supervising cooks, the food manager and the assistant food manager, two facility captains, three associate wardens, the warden at CSP-Corcoran, the Inmate Appeals Examiner, and finally, the Secretary of the California Department of Corrections and Rehabilitation ("CDCR").

Plaintiff alleges that he was transferred to CSP-Corcoran on February 23, 2006. Plaintiff states that he was previously housed at California State Prison - Sacramento ("CSP-Sac"). Plaintiff states that while housed at CSP-Sac, he filed a civil action, *Lamon v. Pliler et al.*, bearing case number CIV-S-03-0423 FCD CMK P, against various correctional staff at CSP-Sac regarding the conditions of his confinement at that prison. Plaintiff states that CSP-Sac officials, namely the warden, retaliated against him by, *inter alia*, conspiring to have him killed by prison gang members, placing him in punitive segregation and also in punitive psychiatric segregation, censoring and stealing Plaintiff's mail, and tainting and/or poisoning Plaintiff's food. Plaintiff states that CSP-Sac officials then transferred him to CSP-Corcoran in order to render moot his motions for temporary restraining orders. Plaintiff states that since arriving at CSP-Corcoran, his meals have been tainted, he has been placed in unfavorable cells, his mail is censored, and he has been physically assaulted. This instant action concerns only Plaintiff's conditions of confinement at CSP-Corcoran.

**A.     Claims One[1], Two, Three, Four, Five, Six, Eight (Re Allegation of Forced Medical Treatment[2]), Ten, Twelve, Thirteen, and Fourteen**

Plaintiff alleges that all defendants have retaliated and conspired to retaliate against him for

---

[1] Plaintiff has alleged sixteen separate claims in his Third Amended Complaint. For ease of reference, the Court will follow the same format here.

[2] Plaintiff's Eighth Claim also includes an allegation of violation of due process. That claim is addressed separately below.

filing prison grievances, pursuing legal action, and for demanding an investigation into his allegations that the warden at CSP-Sac as well as members of his administration are attempting to have Plaintiff killed. Plaintiff alleges that prison officials at CSP-Corcoran conspired with the Warden at CSP-Sac to place Plaintiff in punitive segregation at CSP-Corcoran, robbing him of all the beneficial, rewarding, enlightening, or helpful prison programs and "the good within them", thus reducing him to a "horrific, miserable, demoralized, Pain-Filled and insufferable...existence" (Doc. 41, p.16.) Plaintiff states that defendants have ignored his written complaints.

Plaintiff further alleges that medical staff improperly diagnosed him as mentally ill and subjected him to psychiatric treatment to discredit him and dismiss his allegations of retaliation as mere delusions, and to portray him as insane. Plaintiff alleges that the medical staff conspired with various other prison officials as part of an "elaborate scheme" to misdiagnose him as schizo-affective and a "delusional schizoid". Plaintiff alleges that he is being treated with "ultra-politicized" and unnecessary anti-psychotic drugs.

Plaintiff also alleges that there is a "food-tainting shadow policy" at CSP-Corcoran, and that the medical staff informed him that he would not be able to escape the tainting. Plaintiff alleges that one staff psychologist acknowledged the tainting but refused to do anything. Plaintiff states that his meals, beverages, lotions, gels and food packages at home are being tainted with cleaning detergents and other unknown chemicals that cause him excruciating pain. Plaintiff states that he has complained to prison doctors, but that various nurses have also tainted his medication with chemicals. Plaintiff states that these efforts are attempts to dissuade Plaintiff from pursuing his allegation that the Warden is attempting to have him killed. Plaintiff states that his written complaints have been ignored. Plaintiff's tenth claim is directed at supervisory defendants whom plaintiff alleges failed to train, supervise and discipline their subordinates and failed to interfere to prevent the food tainting. Plaintiff also alleges state claims for assault and battery, and for multiple violations of the California Constitution.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense[.]...Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" Id, at 1950; Fed. R. Civ. P 8(a)(2). While factual allegations are accepted as true, legal conclusion are not. Id. at 1949.

Plaintiff's claims rest upon his allegations that prison officials are engaged in an elaborate and seemingly coordinated conspiracy to retaliate against him by having staff psychologists and psychiatrists diagnose him as delusional, others prison staff enforcing a "shadow-policy" of food tainting, medical staff poisoning his medication, others placing him in segregation, and nearly all supervisory defendants ignoring his written complaints for help. Plaintiff alleges that defendants are collectively acting to discourage him from proceeding with his litigation activities. The Court simply cannot find that Plaintiff's claims state a plausible claim for relief. Common sense and judicial experience leads this Court to conclude that the claims as presented are facially implausible and therefore the Court recommends that these claims be dismissed for failure to state a claim.

**B.   Claim Seven (Living Conditions)**

Plaintiff alleges that from September 15, 2006 through March 29, 2007, defendants Luna, Price, Wilber, Vikjord, Aspieda, Magvass, Vanzant, Hamilton, Cortez, Frescura, Elize, Alvarez and Hernandez retaliated against Plaintiff by serving him only one-third to one-half portions of meals consisting of pan-scrapings, crumbs, remnants, and scraps of food.

Plaintiff states a cognizable claim against defendants Luna, Price, Wilber, Vikjord, Aspieda, Magvass, Vanzant, Hamilton, Cortez, Frescura, Elize, Alvarez and Hernandez for violation of the First and Eighth Amendments of the United States Constitution.

Plaintiff also alleges that various other defendants have engaged in similar conduct from November 20, 2008 to the present. Pursuant to the Prison Litigation Reform Act of 1995, "[n]o

action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion must occur *prior* to filing suit. McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). The section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002), and "[a]ll 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter, 534 U.S. at 524 (citing to Booth v. Churner, 532 U.S. 731, 739 n.5 (2001)). Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated. Booth, 532 U.S. at 741.

In light of section 1997e(a), Plaintiff may not add new and unrelated claims that arose after this suit was filed. Allowing Plaintiff to pursue the claims arising in 2008 would allow Plaintiff to thwart the mandate of section 1997e(a), which requires that claim exhaustion occur prior to filing suit and not during the pendency of the suit. McKinney, 311 F.3d at 1199-1201. All claims at issue in this action must have been exhausted by March 29, 2007. Therefore, Plaintiff may not pursue his allegations of food deprivation occurring in 2008 in the present action.

### C.    Claim Eight (Protective Custody)

Plaintiff alleges that in 2004, Plaintiff demanded to be placed in protective custody and that he prepared a false, fictionalized debriefing in order to secure such a placement. Plaintiff states that his reason for doing so was to escape the attempts by the warden to have him killed. Plaintiff states that he was provided with a choice to stay in or leave protective custody and it appears that Plaintiff is no longer in protective housing. However, Plaintiff alleges a due process violation stemming from a refusal by prison officials at CSP-Corcoran to provide Plaintiff with a meaningful and adequate hearing to "untangle" the situation, because doing so would implicate the warden at CSP-Sac, with whom defendants are conspiring. Plaintiff alleges that by failing to correct his classification record, his safety is now in jeopardy by both general population inmates and protective housing inmates.

The Due Process Clause of the Fourteenth Amendment protects prisoners from being

deprived of life, liberty, or property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Plaintiff has not alleged any facts that would support a claim that he was deprived of a protected interest without procedural due process.

"To establish a violation of substantive due process . . . , a plaintiff is ordinarily required to prove that a challenged government action was clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare. Where a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing a plaintiff's claims." Patel v. Penman, 103 F.3d 868, 874 (9th Cir. 1996) (citations, internal quotations, and brackets omitted), *cert. denied*, 117 S. Ct. 1845 (1997); County of Sacramento v. Lewis, 523 U.S. 833, 842 (1998). Plaintiff has not alleged any facts that would support a claim that his rights under the substantive component of the Due Process Clause were violated.

### D.    Claim Nine (Access to the Courts)

#### i.    Defendants Vanzant, Hamilton, Cortez, Magvass, Aspieda, J. Alvarez, K. Elze and H. Luna

Plaintiff alleges that on at least ten occasions, defendants Vanzant, Hamilton, Cortez, Magvass, Aspieda, J. Alvarez, K. Elze and H. Luna entered his cell and stole his legal material (i.e., court documents, legal work product, research notes, witness affidavits and other evidentiary material) that he required for his civil actions.

Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346, 116 S.Ct. 2174, 2177 (1996). The right is limited to direct criminal appeals, habeas petitions, and civil rights actions. Id. at 354, 2181-82. Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). Christopher v. Harbury, 536 U.S. 403, 412-15, 122 S.Ct. 2179, 2185-87 (2002). To prevail on a claim, the plaintiff must show that he suffered an actual injury by being shut out of court. Id. at 415, 2187; Lewis, 518 U.S. at 351, 2180.

Plaintiff was previously provided with the legal standard for stating a cognizable claim for

denial of access to the Courts. (Doc. 18.) Again, Plaintiff fails to allege an actual injury from any of the defendants' alleged actions. Thus, Plaintiff fails to state a cognizable claim for interference with his access to the courts.

        **ii.**        **Defendants Vikjord, Price, Wilber, Frescura and Hernandez**

Plaintiff alleges that defendants Vikjord, Price, Wilber, Frescura and Hernandez refused to accept for mailing, or alternatively accepted and then stole, Plaintiff's correspondence to the courts, attorneys and civil rights defense groups. Plaintiff states that as a result he has lost evidentiary documents that would making filing other claims against Corcoran staff futile.

"Rule 8...demands more than an unadorned, the-defendants-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do". Iqbal, at 1949, (internal quotations and citations omitted). Plaintiff's allegation that filing claims would be futile, without more, is insufficient to show that he has suffered any actual injury as a result of defendants' alleged actions. Plaintiff fails to state a cognizable claim.

      **E.**      **Claim Eleven (Property Deprivation)**

        **I.**        **Care Package**

Plaintiff alleges that on April 25, 2006, defendants Masiel and Gonzales duped him into signing for a care package that defendant Gonzales knew contained spoiled and/or disallowed food items. Plaintiff states that he ate the food and became ill.[3]

Plaintiff may not proceed in this action on a myriad of unrelated claims against different staff members. "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has

---

[3] Plaintiff also names as defendants individuals who were involved in reviewing his inmate appeal. However, "[a prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a section 1983 action. Buckley, 997 F.2d at 495.

against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff's allegations concerning his care package involve different defendants and are unrelated to his cognizable First and Eighth Amendment claims discussed above. Plaintiff may not pursue this claim in this action.

### ii. Transfer to CSP-Corcoran

Plaintiff states that upon his arrival at CSP-Corcoran, he was informed that he must send his property home. Plaintiff states that he was not allowed to send out mail to ask for money from his friends or family to do so. Plaintiff states that defendants J. Gonzales and G. Montanez then disposed of his property.

For the same reasons discussed above, Plaintiff may not pursue this claim in this action.

**F.    Claim Fifteen (Violation of California Civil Code Section 52.1)**

Plaintiff alleges a claim for violation of California Civil Code § 52.1, which authorizes a claim for relief "against anyone who interferes, or tries to do so, by threats, intimidation, or coercion, with an individual's exercise or enjoyment of rights secured by federal or state law." Jones v. Kmart Corp., 17 Cal.4th 329, 331 (1998). A claim under section 52.1 requires "an attempted or completed act of interference with a legal right, accompanied by coercion." Id. at 334.

The only cognizable federal claims alleged are against defendants Luna, Price, Wilber, Vikjord, Aspieda, Magvass, Vanzant, Hamilton, Cortez, Frescura, Elize, Alvarez and Hernandez for depriving Plaintiff of adequate/proper food, in violation of the First and Eighth Amendments of the United States Constitution. At this juncture, the Court cannot find that Plaintiff does not state a cognizable claim for violation of section 52.1.

**G.    Claim Sixteen (Failure to Train)**

Plaintiff alleges that defendant Hodges-Wilkins, on behalf of defendant Tilton, reviewed at

least four of Plaintiff's inmate grievances and failed to take any meaningful remedial action. Plaintiff alleges that they therefore authorized, endorsed and condoned the acts of the other defendants alleged in his Third Amended Complaint. Plaintiff alleges a claim for failure to train.

In City of Canton, Ohio v. Harris, 489 U.S. 378 (1989), the Supreme Court held that, under certain circumstances, a municipality may be held liable based on the failure to train its employees. This court finds no authority for the extension of City of Canton and its progeny to a state prison official being sued in his/her personal capacity. It appears to this court, following a review of the relevant case law, that the cases involving failure to train are limited to suits against city and county entities. Therefore, Plaintiff fails to state a cognizable claim.

To the extent that Plaintiff is alleging a claim based on supervisory liability, in a section 1983 suit, the term "supervisory liability" is a misnomer. Iqbal at 1949. "Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her misconduct". Id. Plaintiff has not alleged any facts whatsoever to support a claim of any misconduct whatsoever by defendant Tilton and therefore fails to state a claim against him. Plaintiff's allegation that defendant Hodges-Wilkins failed to take adequate remedial action after reviewing four of Plaintiff's inmate grievances is also insufficient to state a claim. First, Plaintiff's only cognizable federal claim concerns the inadequate meals served to Plaintiff by defendants Luna, Price, Wilber, Vikjord, Aspieda, Magvass, Vanzant, Hamilton, Cortez, Frescura, Elize, Alvarez and Hernandez, allegedly in retaliation for Plaintiff's litigation activities. Plaintiff has not alleged that defendant Hodges-Wilkins reviewed Plaintiff's grievance concerning this problem/issue; even if defendant Hodges-Wilkins had done so, Plaintiff still fails to state a claim because actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a section 1983 action. Buckley, 997 F.2d at 495.

### III.  Conclusion and Recommendations

Plaintiff's Third Amended Complaint states a claim under section 1983 against Defendants Luna, Price, Wilber, Vikjord, Aspieda, Magvass, Vanzant, Hamilton, Cortez, Frescura, Elize, Alvarez and Hernandez for violation of the First and Eighth Amendments of the United States Constitution. The Court also cannot find that Plaintiff does not state a state claim for violation of

1  California Civil Code section 52.1.  However, for the reasons detailed in these findings and
2  recommendations, the remaining claims are not cognizable.  Plaintiff was previously provided with
3  the legal standards most applicable to his claims, and has twice amended, but is still unable to cure
4  the deficiencies.  Therefore, the Court recommends that all remaining claims and defendants be
5  dismissed, without leave to amend.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

6       Accordingly, the Court HEREBY RECOMMENDS as follows:

7      1.    This action proceed on Plaintiff's claims against defendants Luna, Price, Wilber,
8          Vikjord, Aspieda, Magvass, Vanzant, Hamilton, Cortez, Frescura, Elize, Alvarez and
9          Hernandez for violation of the First and Eighth Amendments, and for violation of
10          section 52.1 of the California Civil Code;

11      2.    Claims One, Two, Three, Four, Five, Six, Eight, Ten, Eleven, Twelve, Thirteen,
12          Fourteen and Sixteen be dismissed, with prejudice, for failure to state a claim upon
13          which relief may be granted; and

14      3.    Claim Nine be dismissed without prejudice for violation of Rule 18(a).

15  These Findings and Recommendations will be submitted to the United States District Judge
16  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30)**
17  **days** after being served with these Findings and Recommendations, Plaintiff may file written
18  objections with the Court.  The document should be captioned "Objections to Magistrate Judge's
19  Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
20  specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d
21  1153 (9th Cir. 1991).

23  IT IS SO ORDERED.

24  Dated:   **June 30, 2009**          **/s/ Dennis L. Beck**
                                                UNITED STATES MAGISTRATE JUDGE