# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY LOUIS LAMON, | CASE NO.: 1:07-cv-00493-AWI-DLB PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION |
| v. | (Doc. 77) |
| JOHN TILTON, et al., | SECOND ORDER FINDING SERVICE OF THIRD AMENDED COMPLAINT APPROPRIATE AND FORWARDING SERVICE DOCUMENTS TO PLAINTIFF FOR COMPLETION AND RETURN WITHIN **TWENTY DAYS** |
| Defendants. | |
| / | (Doc. 41) |

Plaintiff Barry Louis Lamon ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  This action is proceeding against defendants Luna, Price, Wilber, Vikjord, Aspieda, Magvass, Vanzant, Hamilton, Cortez, Frescura, Elize, Alvarez, and Hernandez for violation of the First and Eighth Amendment.  (Docs. 65, 68.)  On October 26, 2009, defendants Price, Wilber, Magvass, Hamilton, Cortez, Frescura, Alvarez, and Hernandez filed their answer to Plaintiff's third amended complaint.  (Doc. 75.)

## I.     Motion For Summary Adjudication

On November 13, 2009, Plaintiff filed the present motion for summary adjudication against defendant Wilber.  (Doc. 77.)  Plaintiff contends that defendant Wilber has failed to file an answer to Plaintiff's third amended complaint and thus summary judgment should be entered

1

against him. The Court construes this motion as a motion for entry of default and default judgment pursuant to Federal Rule of Civil Procedure 55.

In the executed waiver of summons returned to the Court, the United States Marshal served a defendant by the name of M. Wilder, who subsequently answered Plaintiff's third amended complaint. (Doc. 78.) Plaintiff asserts that he means defendant Wilber, not Wilder.

Entry of default is appropriate as to any party against whom a judgment for affirmative relief is sought who has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure and where that fact is made to appear by affidavit or otherwise. Fed. R. Civ. P. 55(a). A review of the Court docket indicates that service was never effected upon defendant Wilber. Therefore, plaintiff's motion for entry of default and default judgment are premature and DENIED without prejudice.

**II.    Service Documents**

Having reviewed the USM-285 form submitted by Plaintiff, it is easy to see how confusion could exist as to the correct name of the defendant, because some of Plaintiff's b's can be construed as d's. Because of this error, the Court will re-issue service documents to Plaintiff for completion and return for service of process without payment of costs. The Court notes that it is Plaintiff's responsibility to accurately and correctly spell defendants' names for the United States Marshal to effect service of process. Plaintiff is reminded that he is responsible for providing the United States Marshal with information sufficient to effect service of process. Walker v. Sumner, 14 F.3d 1415, 1421-22 (9th Cir. 1994), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995).

Accordingly, IT IS HEREBY ORDERED that:

1. Service is appropriate for defendant

    M. WILBER

2. The Clerk of the Court shall send Plaintiff one (1) USM-285 form, one (1) summons, a Notice of Submission of Documents form, an instruction sheet and a copy of the third amended complaint filed December 18, 2008.

3. Within **TWENTY (20) DAYS** from the date of this Order, Plaintiff shall complete

the attached Notice of Submission of Documents and submit the completed Notice to the Court with the following documents:

    a.    Completed summons;

    b.    One completed USM-285 form for the defendant listed above; and

    c.    Two (2) copies of the endorsed third amended complaint filed December 18, 2008.

4. Plaintiff need not attempt service on Defendants and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named Defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

5. <u>The failure to comply with this Order will result in a recommendation of dismissal of this action</u>.

IT IS SO ORDERED.

Dated:   **November 16, 2009**                         **/s/ Dennis L. Beck**
                                                               UNITED STATES MAGISTRATE JUDGE