# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY LOUIS LAMON, | CASE NO. 1:07-cv-00493-AWI-DLB PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S REQUEST FOR ORDER OF PROTECTION |
| v. | (Doc. 96) |
| JOHN TILTON, et al., | ORDER DENYING DEFENDANTS' MOTION TO COMPEL AS MOOT |
| Defendants. | |
| _____/ | (Doc. 102) |

Plaintiff Barry Louis Lamon ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's third amended complaint, filed December 18, 2008, against Defendants Luna, Price, Wilber, Vikjord, Aspieda, Magvass, Vanzant, Hamilton, Cortez, Frescura, Elize, Alvarez, and Hernandez for violation of the First and Eighth Amendments, and for violation of section 52.1 of the California Civil Code. Pending before the Court is Plaintiff's motion for an order of protection, filed February 8, 2010. Defendants filed an opposition to his motion on February 24, 2010. Also pending before the Court is Defendants' motion to compel, filed March 11, 2010, requesting production of documents. The Court addresses each motion below.

## I.    Plaintiff's Motion For Order of Protection

Plaintiff contends that Defendants are harassing Plaintiff in their discovery requests. Plaintiff contends that on January 21, 2010, Plaintiff received 29 separate discovery requests from Defendants' counsel, consisting of requests for production of documents, requests for

1

admission, and interrogatories for each of the thirteen Defendants.  Plaintiff contends that these requests are more than 95% identical and require Plaintiff to respond to more than 155 pages of redundant requests.  Plaintiff does not have access to a word processor and would thus have to respond to all of these requests by hand.  Plaintiff requests a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, arguing that he should only have to submit a single set of responses to each discovery request.

Defendants contend that each Defendant is only propounding 7 interrogatories, 7 requests for production, and 7 requests for admission.  Defendants contend that while most of these requests are similar, each is specific to the Defendant.  Defendants contend that the information sought is not privileged, relevant to the subject matter of the case, and reasonably calculated to lead to the discovery of admissible evidence.  Defendants also contend that the requests are within the allowable limit as provided by Federal Rules of Civil Procedure 33, 34, and 36.

Plaintiff's request for an order of protection is denied.  While handwriting a response to each request may be time-consuming, handwriting the answer to each request is not good cause for a protective order.  Defendants are entitled to propound these discovery requests under the Federal Rules of Civil Procedure.[1]

Plaintiff in a separate motion indicated that he would be in Sacramento for trial in the case of Barry Lamon v. Lytle, et al., Case No. 2:03-cv-00423-AK (E.D. Cal.).  That case is set for trial on March 29, 2010.  Plaintiff was transferred to CSP-Sacramento without his legal materials pertaining to this action.  By separate order, Plaintiff had previously been granted a modification of the scheduling order.  The Court will grant Plaintiff an extension of time to respond to Defendants' discovery requests.  It is HEREBY ORDERED that Plaintiff is granted sixty (60) days from the date of service of this order in which to file his responses to Defendants' discovery requests sent December 30, 2009.

---

[1]  If Plaintiff finds that his responses to the discovery requests will be the same for each defendant, Plaintiff may opt to do the following.  Plaintiff may respond to one request in full as to defendant A, and for subsequent defendants B through M, Plaintiff may refer to Plaintiff's full response to Defendant A in his response to Defendants B through M.  Plaintiff should only use this method if his response to the discovery request for Defendant A is exactly the same as the one to another defendant.  Responses that are unique to a particular defendant or discovery request should not be referenced in such a manner.

**II.     Defendants' March 11, 2010 Motion To Compel**

On March 11, 2010, Defendants filed a motion to compel Plaintiff to respond to Defendants' first set of requests for production of documents, which were sent on December 30, 2009. Because Plaintiff is granted an extension of time to respond to Defendants' discovery requests sent on December 30, 2009, Defendants' motion is denied as moot.

**III.     Conclusion and Order**

Based on the foregoing it is HEREBY ORDERED that:

1.      Plaintiff's motion for an order of protection, filed February 8, 2010, is DENIED;

2.      Plaintiff is GRANTED **sixty (60) days** from the date of service of this order in which to file his responses to Defendants' discovery requests sent on December 30, 2009; and

3.      Defendants' motion to compel, filed March 11, 2010, is DENIED as moot.

IT IS SO ORDERED.

**Dated:    March 29, 2010**                          _____/s/ **Dennis L. Beck**_____
                                                                                       UNITED STATES MAGISTRATE JUDGE