# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY LOUIS LAMON, | CASE NO. 1:07-CV-00493-AWI-DLB PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION TO DISMISS BE GRANTED |
| v. | |
| JOHN TILTON, et al., | (ECF NO. 90) |
| Defendants. | OBJECTIONS DUE WITHIN 30 DAYS |

**Findings And Recommendations**

**I.      Background**

Plaintiff Barry Louis Lamon ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's third amended complaint against Defendants Magvas, Hernandez, Hamilton, Frescura, Cortez, Price, Alvarez, Aspeitia (spelled "Aspieda"), Vanzandt, Elize, Luna, Wilber, and Vikjord for violation of Plaintiff's rights under the First Amendment, Eighth Amendment, and California Civil Code section 52.1. On December 30, 2009, Defendants filed a motion to dismiss pursuant to the unenuemerated portion of Federal Rule of Civil Procedure 12(b), for Plaintiff's failure to exhaust administrative remedies. (Defs.' Mot. Dismiss, ECF No. 90.)[1] On

---

[1] Defendant Wilber is not a part of this motion. Defendant Wilber did not appear in this action until he filed his answer on March 3, 2010.

1

1  May 19, 2010, Plaintiff filed his opposition.[2] (Pl.'s Opp'n, ECF No. 109.) On May 24, 2010,

2  Defendants filed their reply. (Defs.' Reply, ECF No. 100.) The matter is submitted pursuant to

3  Local Rule 230(l).

4  **II.     Summary Of Third Amended Complaint**

5         Plaintiff is incarcerated at Corcoran State Prison, where the events giving rise to this

6  action occurred. Plaintiff alleges that from approximately September 15, 2006 through March

7  29, 2007, Defendants Luna, Price, Wilber, Vikjord, Aspieda, Magvass, Vanzant, Hamilton,

8  Cortez, Frescura, Elize, Alvarez and Hernandez retaliated against Plaintiff by serving him only

9  one-third to one-half portions of meals consisting of pan-scrapings, crumbs, remnants, and scraps

10 of food.[3]

11 **III.    Exhaustion Of Administrative Remedies**

12    **A.      Legal Standard**

13        Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with

14 respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner

15 confined in any jail, prison, or other correctional facility until such administrative remedies as are

16 available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available

17 administrative remedies prior to filing suit. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *McKinney*

18 *v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (per curiam). Exhaustion is required

19 regardless of the relief sought by the prisoner and regardless of the relief offered by the process,

20 *Booth v. Churner*, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all

21 prisoner suits relating to prison life, *Porter v. Nussle*, 435 U.S. 516, 532 (2002).

22       Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative

23 defense under which defendants have the burden of raising and proving the absence of

24

---

25   [2] Plaintiff was provided with the requirements for opposing an unenumerated 12(b) motion in the Court's
26 second informational order, issued August 21, 2009. *Wyatt v. Terhune*, 315 F.3d 1108, 1114 (9th Cir. 2003).

27   [3] Plaintiff's Claims One, Two, Three, Four, Five, Six, Eight, Ten, Eleven, Twelve, Thirteen, Fourteen and
Sixteen were dismissed, with prejudice, for failure to state a claim upon which relief may be granted and Claim Nine
28 was dismissed without prejudice. (Findings and Recommendations, filed June 30, 2009, ECF No. 65; Order
Adopting Findings and Recommendations, filed August 5, 2009, ECF No. 68.)

exhaustion. *Jones*, 549 U.S. at 216; *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. *Wyatt*, 315 F.3d at 1119 (citing *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368 (9th Cir. 1998) (per curiam)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. *Id.* at 1119-20. If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. *Id.*

**B.    Discussion**

The California Department of Corrections and Rehabilitation has an administrative grievance system for prisoner complaints. Cal. Code Regs. tit. 15, § 3084.1 (2010). The process is initiated by submitting a CDC Form 602. *Id.* § 3084.2(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." *Id.* § 3084.5. Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. *Id.* §§ 3084.5, 3084.6(c). In order to satisfy § 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. *Woodford v. Ngo*, 548 U.S. 81, 85-86 (2006); *McKinney*, 311 F.3d at 1199-1201. Exhaustion does not *always* require pursuit of an appeal through the Director's Level of Review. What is required to satisfy exhaustion is a fact specific inquiry, and may be dependent upon prison officials' response to the appeal. *See Nunez v. Duncan*, 591 F.3d 1217, 1224 (9th Cir. 2010) (listing examples of exceptions to exhaustion requirement from other circuits); *Brown v. Valoff*, 422 F.3d 926, 935-36 (9th Cir. 2005) ("[E]ntirely pointless exhaustion" not required).

Defendants contend that Plaintiff failed to exhaust administrative remedies prior to filing this action. Defendants contend that Plaintiff filed only two grievances on or after August 1, 2006, which falls within the "approximate" start date of the alleged retaliatory food deprivation: CSPC-6-06-4089 and CSPC-6-06-3312. (Defs.' Mem. P. & A. Support Mot. Dismiss 2:12-19;

Jennifer Jones Decl., Exs. A and B.) Defendants contend that inmate grievance No. CSP-6-06-4089 concerned a food-tainting allegation, not reduced food portions. (*Id.* at 2:20-3:2.) Defendants contend that CSPC-6-06-3312 concerned meaningful access to the law library, which is not a claim in this action. (*Id.* at 3:3-11.)

Defendants also contend that inmate grievance No. CSPC-6-06-3275, which was submitted at the informal level on June 18, 2006, concerned contamination of his kosher food supply on or before June 2006, and is thus not relevant to this action. (*Id.* at 3:12-20.) Defendants submit in support a declaration from Appeal Coordinator Jennifer Jones of Corcoran State Prison, who attests to the accuracy of the submitted grievances, Nos. CSPC-6-06-4089, CSPC-6-06-3312, and CSPC-6-06-3275. (Jennifer Jones Decl.; Ex. A, CDCR Inmate/Parolee Appeals Tracking System; Ex. B, Inmate Grievance No. CSPC-6-06-4089; Ex. C, Inmate Grievance No. CSPC-6-06-3312; Ex. D, Inmate Grievance No. CSPC-6-06-3275.)

Having examined the submitted inmate grievances, the undersigned finds that Defendants have met their initial burden of demonstrating that Plaintiff did not exhaust administrative remedies prior to filing this action. The burden thus shifts to Plaintiff to demonstrate otherwise.

Plaintiff contends that he attempted to exhaust administrative remedies on several occasions, but was thwarted by prison officials who refused to process his grievances. (Pl.'s Opp'n 3:20-5:15.) Plaintiff contends that he filed inmate grievance No. 06-07-003 regarding the reduction of his food portions, but this grievance was lost by prison officials. (*Id.*) Plaintiff contends he then attached several pages from this lost appeal to grievance No. 06-3275. (*Id.*) Plaintiff contends that Defendants omitted pages from grievance No. 06-3275. (*Id.*)[4]

Defendants in reply admit that two pages were inadvertently omitted from Exhibit D, grievance No. 06-3275. (Defs.' Reply 3:18-4:11.) However, Defendants contend that it does not affect Plaintiff's failure to exhaust administrative remedies. (*Id.*)

---

[4] Plaintiff submits numerous declarations from other inmates who attest to Plaintiff's allegations of food-tainting. (Pl.'s Opp'n, App. 3.) That claim was dismissed from this action. (Findings and Recommendations, dated June 30, 2009, ECF No. 65; Order Adopting Findings and Recommendations, dated August 5, 2009, ECF No. 68.) Plaintiff's submitted declarations are thus irrelevant here.
    Plaintiff also submits grievance No. 06-2789 in support. (Pl.'s Opp'n, App. 2.) That grievance concerned the cancellation of Plaintiff's kosher diet, which is not a claim before the Court in this action.

4

1          An examination of Grievance No. 06-3275, including the inadvertently omitted pages,
2 indicates that Plaintiff did not exhaust administrative remedies for retaliatory food deprivation.
3 Plaintiff complained that 1) his meals were being tainted, 2) he did not receive a weekly menu for
4 his kosher diet, 3) he received non-kosher jelly instead of honey, 4) he wanted food service staff
5 to stop poking holes through the seals on his kosher meals, and 5) he wanted more fruits and
6 vegetables.  (Defs.' Mot. Dismiss, Ex. D, Inmate Grievance No. CSPC-06-3275; Defs.' Reply,
7 Christina Carroll Decl., Exs. A, B.)  None of this alerted prison officials to the claim of food
8 deprivation by reduced portions.  Inmate grievances filed in California prisons require the inmate
9 to "describe the problem and action requested in sections A and B of the form."   Cal. Code
10 Regs. tit. 15, § 3084.2(a)(1).  When an inmate grievance system is silent as to factual specificity,
11 as is the case with California, "a grievance suffices if it alerts the prison to the nature of the
12 wrong for which redress is sought."  *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009).
13 Here, Plaintiff's inmate grievance No. 06-3275 did not notify prison officials of food deprivation
14 by reduced portions.  Plaintiff presents no evidence of any other inmate grievances which
15 concerned reduced food portions.  Plaintiff fails to present sufficient evidence that he exhausted
16 administrative remedies for his claims in this action.

17          As food deprivation in violation of the First and Eighth Amendments was the only federal
18 claim in this action, the undersigned recommends dismissal of this action without prejudice as
19 against Defendants Magvas, Hernandez, Hamilton, Frescura, Cortez, Price, Alvarez, Aspeitia,
20 Vanzandt, Elize, Luna, and Vikjord.  *See Wyatt*, 315 F.3d at 1119-20.  The undersigned also
21 recommends declining supplemental jurisdiction over Plaintiff's state claim for violation of
22 California Civil Code section 52.1.  *See* 18 U.S.C. § 1346(b)(3) (district court may decline
23 supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction).

24 **IV.**     **Conclusion and Recommendation**

25          Based on the foregoing, it is HEREBY RECOMMENDED that Defendants' motion to
26 dismiss, filed December 30, 2009, be GRANTED, and Defendants Magvas, Hernandez,
27 Hamilton, Frescura, Cortez, Price, Alvarez, Aspeitia, Vanzandt, Elize, Luna, and Vikjord be
28 DISMISSED from this action without prejudice.

5

1  These Findings and Recommendations will be submitted to the United States District
2 Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within
3 **thirty (30) days** after being served with these Findings and Recommendations, the parties may
4 file written objections with the Court.  The document should be captioned "Objections to
5 Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file
6 objections within the specified time may waive the right to appeal the District Court's order.
7 *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

8  IT IS SO ORDERED.

9  Dated:  **July 29, 2010**                         /s/ **Dennis L. Beck**
                                               UNITED STATES MAGISTRATE JUDGE