# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY LOUIS LAMON, | CASE NO. 1:07-CV-00493-AWI-DLB PC |
| Plaintiff, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS |
| v. | (DOCS. 90, 115, 116) |
| JOHN TILTON, et al., | |
| Defendants. | |

Plaintiff Barry Louis Lamon ("plaintiff") is a California state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's third amended complaint against Defendants Magvas, Hernandez, Hamilton, Frescura, Cortez, Price, Alvarez, Aspeitia (spelled "Aspieda"), Vanzandt, Elize, Luna, Wilber, and Vikjord for violation of Plaintiff's rights under the First Amendment, Eighth Amendment, and California Civil Code section 52.1. On December 30, 2009, Defendants[1] filed a motion to dismiss pursuant to the unenuemerated portion of Federal Rule of Civil Procedure 12(b), for Plaintiff's failure to exhaust administrative remedies. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 30, 2010, the Magistrate Judge filed a Findings and Recommendations herein which was served on the parties and which contained notice to the parties that any objection to the Findings

---

[1] Defendant Wilber is not a party to this motion, as he appeared in this action on March 3, 2010. (Def. Wilber's Answer to Complaint, Doc. 99.) On September 9, 2010, Defendant Wilber filed his own motion to dismiss for failure to exhaust administrative remedies. (Doc. 119.)

1

and Recommendations was to be filed within thirty days. Plaintiff filed an Objection to the Findings and Recommendations on August 9, 2010, in a motion entitled "Motion to vacate or set aside the 7/29/2010 Findings and Recommendations."

In accordance with the provisions of 28 U.S.C. § 636(b)(1), this Court has conducted a <u>de novo</u> review of this case. Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis.

Plaintiff contends that he has newly discovered evidence which supports his opposition to Defendants' motion to dismiss. Plaintiff contends that the June 11, 2010 decision of the "California Fifth Appellate District Court", which the Court construes to mean the California Court of Appeal for the Fifth Appellate District, supports Plaintiff's argument that he did not need to plead specifically that Defendants were depriving him of his food in order to state a retaliation claim. *See Lamon v. Adams*, No. F058017, 2010 Cal. App. Unpub. LEXIS 4379, 2010 WL 2331096 (Cal. Ct. App. June 11, 2010). Plaintiff contends that the appellate court found that California prison officials are not required to address Plaintiff's allegations of retaliatory mail theft with any particularity. Thus, Plaintiff's failure to specifically allege deprivation of food in his inmate grievances should be waived.

The California Court of Appeal found that Plaintiff's December 13, 2008 inmate grievance, which concerned retaliation by tainting of his meals, and his December 19, 2008 inmate grievance, which concerned retaliation by deprivation of his mail, could be construed as duplicative grievances regarding retaliation at the discretion of the appeals coordinator. *Lamon*, 2010 Cal. App. Unpub. LEXIS 4379, at *16. The December 19 grievance was dismissed as duplicative. *Id.* The state court of appeal concluded that a writ of mandate was not necessary for the second grievance, as there was no evidence that "that the scope of the investigation into the December 13 appeal did not encompass all of the ways [Plaintiff] complained he was being retaliated against." *Id.*

Plaintiff's argument here is unavailing. State court decisions are not controlling or persuasive authority in § 1983 claims. Plaintiff also misconstrues the state court decision's effect on Defendants' motion to dismiss. The state court decision does not address whether the inmate grievance in this action was pled with sufficient particularity to put prison officials on notice of the

problem and the redress sought. *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009).  Providing notice is a requirement for a claim to be properly exhausted.  *Id.*  Here, there is no evidence that Plaintiff filed a grievance about retaliatory food deprivation, and thus he failed to provide sufficient notice to prison officials for them to respond to his problem.  Plaintiff did not exhaust administrative remedies for food deprivation in violation of the First and Eighth Amendment.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, filed July 30, 2010, is adopted in full;
2. Defendants' motion to dismiss, filed December 30, 2009, is GRANTED in full;
3. Plaintiff's claims for food deprivation in violation of the First and Eighth Amendment are DISMISSED without prejudice for failure to exhaust administrative remedies against Defendants Magvas, Hernandez, Hamilton, Frescura, Cortez, Price, Alvarez, Aspeitia (spelled "Aspieda"), Vanzandt, Elize, Luna, and Vikjord; and
4. Defendants Magvas, Hernandez, Hamilton, Frescura, Cortez, Price, Alvarez, Aspeitia, Vanzandt, Elize, Luna, and Vikjord are dismissed from the action.

IT IS SO ORDERED.

Dated:   September 15, 2010

CHIEF UNITED STATES DISTRICT JUDGE