1
2
3
4
5          **UNITED STATES DISTRICT COURT**
6              EASTERN DISTRICT OF CALIFORNIA
7
   BARRY LOUIS LAMON,                    CASE NO. 1:07-CV-00493-AWI-DLB PC
8
              Plaintiff,                 FINDINGS AND RECOMMENDATION
9                                        RECOMMENDING DEFENDANT
   v.                                    WILBER'S MOTION TO DISMISS BE
10                                        GRANTED AND ACTION BE DISMISSED
   JOHN TILTON, et al.,                   WITHOUT PREJUDICE
11
              Defendants.                (DOC. 119)
12
   _____/            OBJECTIONS DUE WITHIN 21 DAYS
13
14              **Findings and Recommendation**

15   **I.    Procedural History**

16          Plaintiff Barry Louis Lamon ("Plaintiff") is a prisoner in the custody of the California

17   Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se and in

18   forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding

19   on Plaintiff's third amended complaint against Defendant Wilber for violation of Plaintiff's

20   rights under the First Amendment, Eighth Amendment, and California Civil Code section 52.1.

21   On September 9, 2010, Defendant Wilber filed a motion to dismiss pursuant to the

22   unenuemerated portion of Federal Rule of Civil Procedure 12(b), for Plaintiff's failure to exhaust

23   administrative remedies.  Def.'s Mot. Dismiss, Doc. 119.[1]  On December 27, 2010, Plaintiff filed

24   his opposition.[2]  Pl.'s Opp'n, Doc. 136.  On December 27, 2010, Defendant filed his reply.

25   _____

26          [1]  Defendant Magvas, Hernandez, Hamilton, Frescura, Cortez, Price, Alvarez, Aspeitia (spelled
   "Aspieda"), Vanzandt, Elize, Luna, and Vikjord are not a party to this motion, having filed their own separate
27   motion to dismiss.

28          [2]  Plaintiff was provided with the requirements for opposing an unenumerated 12(b) motion by the Court's
   second informational order, issued August 21, 2009.  *Wyatt v. Terhune*, 315 F.3d 1108, 1114 (9th Cir. 2003).

                                        1

1   Def.'s Reply, Doc. 135.  The matter is submitted pursuant to Local Rule 230(l).

2  **II.**   **Summary Of Third Amended Complaint**

3       Plaintiff is incarcerated at Corcoran State Prison, where the events giving rise to this

4 action occurred.  Plaintiff alleges that from approximately September 15, 2006 through March

5 29, 2007, Defendant Wilber retaliated against Plaintiff by serving him only one-third to one-half

6 portions of meals consisting of pan-scrapings, crumbs, remnants, and scraps of food.[3]

7  **III.**   **Exhaustion Of Administrative Remedies**

8     **A.**   **Legal Standard**

9       Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with

10 respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner

11 confined in any jail, prison, or other correctional facility until such administrative remedies as

12 are available are exhausted."  42 U.S.C. § 1997e(a).  Prisoners are required to exhaust the

13 available administrative remedies prior to filing suit.  *Jones v. Bock*, 549 U.S. 199, 211 (2007);

14 *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (per curiam).  Exhaustion is

15 required regardless of the relief sought by the prisoner and regardless of the relief offered by the

16 process, *Booth v. Churner*, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to

17 all prisoner suits relating to prison life, *Porter v. Nussle*, 435 U.S. 516, 532 (2002).

18       Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative

19 defense under which defendants have the burden of raising and proving the absence of

20 exhaustion.  *Jones*, 549 U.S. at 216; *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003).  The

21 failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an

22 unenumerated Rule 12(b) motion, rather than a summary judgment motion.  *Wyatt*, 315 F.3d at

23 1119 (citing *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368 (9th

24 Cir. 1998) (per curiam)).  In deciding a motion to dismiss for failure to exhaust administrative

25 remedies, the Court may look beyond the pleadings and decide disputed issues of fact.  *Id.* at

26 

27      [3] Plaintiff's Claims One, Two, Three, Four, Five, Six, Eight, Ten, Eleven, Twelve, Thirteen, Fourteen and Sixteen were dismissed, with prejudice, for failure to state a claim upon which relief may be granted and Claim Nine

28 was dismissed without prejudice.  Findings and Recommendations, filed June 30, 2009, Doc. 65; Order Adopting Findings and Recommendations, filed August 5, 2009, Doc. 68.

1119-20.  If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice.  *Id.*

## B.   Discussion

The California Department of Corrections and Rehabilitation has an administrative grievance system for prisoner complaints.  Cal. Code Regs. tit. 15, § 3084.1 (2010).  The process is initiated by submitting a CDC Form 602.  *Id.* § 3084.2(a).  Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level."  *Id.* § 3084.5.  Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level.  *Id.* §§ 3084.5, 3084.6(c).  In order to satisfy § 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit.  *Woodford v. Ngo*, 548 U.S. 81, 85-86 (2006); *McKinney*, 311 F.3d at 1199-1201.  Exhaustion does not *always* require pursuit of an appeal through the Director's Level of Review.  What is required to satisfy exhaustion is a fact specific inquiry, and may be dependent upon prison officials' response to the appeal.  *See Nunez v. Duncan*, 591 F.3d 1217, 1224 (9th Cir. 2010) (listing examples of exceptions to exhaustion requirement from other circuits); *Brown v. Valoff*, 422 F.3d 926, 935-36 (9th Cir. 2005) ("[E]ntirely pointless exhaustion" not required).

Defendant contends that Plaintiff failed to exhaust administrative remedies.[4]  Defendant assumes that the term "approximately" regarding the September 15, 2006 date applied to events occurring on or after August 1, 2006.  Def. Wilber's P. & A. Support Mot. Dismiss 2:16-17. Defendant found only two grievances were filed on or after August 1, 2006, grievance Nos. CSPC-6-06-04089 and CSPC-6-06-3312.  Defendant contends that grievance No. CSPC-6-06-04089 concerned allegations of a food-tainting campaign against Plaintiff by certain Defendants. *Id.* at 3:4-11.  Grievance No. CSPC-6-06-3312 concerned denial of access to the law library, and

---

[4] Defendant requests that the Court take judicial notice of declarations filed by Jennifer Jones and Christine Carroll, which were filed in support of the other Defendants' motion to dismiss and reply, respectively.  Docs. 90-2, 90-3, 90-4; Doc. 110-1.  Defendant cites to these declarations in support of his motion to dismiss.  The Court grants Defendants' request.

1   is not relevant to the remaining claim in the third amended complaint. *Id.* at 3:12-4:2.

2       Defendant also lists grievance No. CSPC-6-06-3275. Defendant contends that this

3   grievance was initiated on June of 2006, and was thus not relevant to the claims in the complaint.

4   *Id.* at 4:3-10.

5       Having examined the exhibits submitted in support, the Court finds that Defendant has

6   met his initial burden of demonstrating that Plaintiff did not exhaust administrative remedies.

7   The burden shifts to Plaintiff to demonstrate otherwise.

8       Plaintiff contends that there is no applicable state law that states what level of specificity

9   is required in a grievance. Pl.'s Opp'n 11:20-14:19. However, it is federal law that interprets

10  the applicable exhaustion requirement of the PLRA. In this case, federal law requires a level of

11  specificity that is determined by the inmate grievance process at the prison. *Jones v. Bock*, 549

12  U.S. 199, 218 (2007). When an inmate grievance system is silent as to factual specificity, as is

13  the case with California, "a grievance suffices if it alerts the prison to the nature of the wrong for

14  which redress is sought." *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009).

15      Plaintiff contends that he did exhaust administrative grievances as to his deprivation of

16  food claim. Pl.'s Opp'n 14:21-16:21. Having examined the relevant grievances, however, the

17  Court does not find that did exhaust administrative remedies regarding the denial of food.

18  Grievance No. CSPC-6-06-3275 complained of denial of whole fruits and vegetables. Denial of

19  whole fruits and vegetables does not grieve a denial of food. Plaintiff's grievance complained of

20  the type of food provided, and did not provide notice of a lack of food. Grievance No. CSPC 6-

21  06-4089 apparently complained of not receiving any vegetables at all except in Plaintiff's dinner

22  entree. Plaintiff's grievance yet again complains of the type of food provided, and not a lack of

23  food. Plaintiff's grievance focused on the denial of Plaintiff's kosher meals as well as food-

24  tainting, which is not sufficient notice regarding a lack of food. Thus, Plaintiff's grievances do

25  not demonstrate that he provided sufficient notice regarding the problem and the action

26  requested. Griffin, 557 F.3d at 1120.

27      Plaintiff contends that federal case law does not require exhaustion of administrative

28  remedies for situations in which retaliatory actions were substantial enough to chill the

constitutional conduct of an average person, citing to *Rhodes v. Robinson*, 408 F.3d 559 (9th

Cir. 2005), and other similar cases.  Pl.'s Opp'n 17:10-24.  Plaintiff is incorrect.  The *Rhodes*

court held that a prisoner need not demonstrate total chilling of his First Amendment rights to

file an inmate grievance in order to state a cognizable claim for retaliation.  *Rhodes*, 408 F.3d at

568-69.  It does not hold that the exhaustion requirement is waived.  None of Plaintiff's other

citations have likewise held that the exhaustion requirement is waived merely because of alleged

retaliation.[5]

Plaintiff contends that because the California inmate grievance process has four levels of

review, and Plaintiff is allowed to raise additional claims at each level, the Court should review

all of Plaintiff's claims raised at each level in determining whether Plaintiff exhausted his

claims. First, it is unclear whether Plaintiff can raise additional claims at each level of the inmate

appeals process.  It appears that the inmate grievance process allows appeals to a higher level

when a prisoner is dissatisfied with the response provided.  Cal. Code Regs. tit. 15, § 3084.5.

That does not indicate whether adding additional claims at each level is allowed.  Even if the

Court followed Plaintiff's arguments, Plaintiff fails to cite to any part of his grievance which

would provide sufficient notice to prison officials of the problem and the action requested for

purposes of satisfying the PLRA's exhaustion requirement.  Plaintiff's argument is thus

unavailing.

Plaintiff next contends that he does not have to satisfy exhaustion of administrative

grievances by following the administrative grievance process in the prison, but merely through

submission of CDCR form No. G-22 "Inmate Requests for Interview," citing to *Brodheim v. Cry*,

584 F.3d 1262, 1271 n.4 (9th Cir. 2009).  Pl.'s Opp'n 19:9-20:10.  Footnote 4 reads as follows:

> Appellees argue that the comment was not in response to the "grievance" (the 602
> form), but only the "interview request form." The applicability of the
> constitutional right to redress of grievances does not hinge on the label the prison
> places on a particular complaint. It is clear that Brodheim's interview request -- a
> challenge to an adverse ruling on his complaint -- was part of the grievance

[5]  To the extent that Plaintiff contends he should receive an exception from the exhaustion requirement
because of prison officials' actions, *see Nunez*, 591 F.3d at 1224, Plaintiff fails to present sufficient evidence that he
was prevented from exhausting administrative remedies.  Indeed, Plaintiff did exhaust administrative remedies as to
his food tainting claims.  However, that claim was dismissed.

1    process, and was thus protected activity.

2    *Id.*  Plaintiff contends that the above language means that Plaintiff has exhausted administrative

3    remedies when he filed GA-22 forms and did not receive a response because the interview form

4    is part of the grievance process.  The above footnote refers to whether or not a certain comment

5    made by a prison official could be construed as retaliatory in nature in violation of the First

6    Amendment.  It does not address the issue of whether merely by filing a GA-22 form, a prisoner

7    can exhaust administrative remedies.  To allow otherwise would be to undermine a prison's own

8    regulatory measures for processing of grievances, which is contrary to applicable federal law.

9    *See Jones v. Bock*, 549 U.S. 199, 218 (2007) (proper exhaustion is defined by the prison

10   grievance process itself).  Plaintiff's argument is thus unavailing.

11           Plaintiff also re-raises several arguments concerning the screening of Plaintiff's third

12   amended complaint.  Pl.'s Opp'n 21:2-26:17.  The Court finds no cause to re-visit the previous

13   Findings and Recommendations screening his complaint, and subsequent order adopting the

14   Findings and Recommendations.

15           Defendant has sufficiently demonstrated that Plaintiff did not exhaust available

16   administrative remedies regarding his food deprivation claim, the only remaining claim in this

17   action.  Plaintiff failed to demonstrate otherwise.  The Court recommends dismissal of this action

18   without prejudice.  *Wyatt*, 315 F.3d at 1119-20.

19   **IV.    Conclusion And Recommendation**

20           Based on the foregoing, it is HEREBY RECOMMENDED that:

21   1.      Defendant Wilber's motion to dismiss, filed September 9, 2010, should be

22           GRANTED; and

23   2.      This action be DISMISSED without prejudice for Plaintiff's failure to exhaust

24           available administrative remedies pursuant to 42 U.S.C. § 1997e(a).

25           These Findings and Recommendations are submitted to the United States District Judge

26   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **twenty-one**

27   **(21) days** after being served with these Findings and Recommendations, the parties may file

28   written objections with the court.  Such a document should be captioned "Objections to

6

Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    February 14, 2011                      /s/ Dennis L. Beck**
UNITED STATES MAGISTRATE JUDGE