# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

BARRY LOUIS LAMON,

               Plaintiff,

   v.

JOHN TILTON, et al.,

               Defendants.

_____/

CASE NO. 1:07-CV-00493-AWI-DLB PC

AMENDED ORDER ADOPTING FINDINGS
AND RECOMMENDATION

(DOC. 115)

Plaintiff Barry Louis Lamon ("plaintiff") is a California state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  On December 30, 2009, Defendants Magvas, Hernandez, Hamilton, Frescura, Cortez, Price, Alvarez, Aspieda, Vanzandt, Elize, Luna, and Vikjord filed a motion to dismiss for Plaintiff's failure to exhaust administrative remedies.  Doc. 90.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 30, 2010, the Magistrate Judge filed a Findings and Recommendations concerning the December 30, 2009 motion to dismiss, which was served on the parties and which contained notice to the parties that any objection to the Findings and Recommendations was to be filed within thirty days.  On September 16, 2010, the Court adopted the Findings and Recommendations.

1

On September 25, 2010, Plaintiff filed a motion for reconsideration of the court's September 16, 2010 order adopting the Findings and Recommendations.   The Magistrate Judge construed this as a request to file late objections, which the court would then address in an amended order regarding the Findings and Recommendations, and granted Plaintiff an extension of time to file objections. Doc. 134.

On December 27, 2010, Plaintiff filed an Objection to the Findings and Recommendations. Doc. 137.

In accordance with the provisions of 28 U.S.C. § 636(b)(1), this Court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, including the December 27, 2010 Objection, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis.  The Court provides the following additional analysis and addresses Plaintiff's main arguments below.

## A.   Continuing Violation

Plaintiff contends that the Magistrate Judge erred in his screening of Plaintiff's third amended complaint, and should not have dismissed some of Plaintiff's claims.  The Magistrate Judge had submitted Findings and Recommendations on June 30, 2009, recommending dismissal of certain claims.  Doc. 65.  This Court adopted the Magistrate Judge's Findings and Recommendations on August 11, 2009.  Doc. 68.  Nothing in Plaintiff's arguments leads this Court to reconsider its previous order.  Additionally, this is not an argument properly raised in this instance, as these Findings and Recommendation concern Defendants' motion to dismiss.

Plaintiff contends that his inartfully plead complaint should be granted greater deference and that his claims are part of a continuing pattern of retaliation.  However, that goes against a plain reading of Plaintiff's claims, as Plaintiff contends that the deprivation of food, the only surviving issue in this action, had occurred from approximately September 15, 2006 to March 29, 2007.  Pl.'s Third Am. Compl. ¶ 123, Doc. 41.[1]   The Court is to construe pleadings by pro se litigants liberally.

---

[1] Plaintiff contends that his conspiracy claim remains against all Defendants.  The Magistrate Judge recommended that Plaintiff's conspiracy claims be dismissed on June 30, 2009, Doc. 65, and the Court adopted those Findings and Recommendations on August 11, 2009, Doc. 68.  Plaintiff's contention that burden-shifting principals apply for concurrent liability cases is not applicable here, as that applies to tort claims, not federal civil

1    *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (per curiam).  However, this does not allow the

2    Court to "supply essential elements of the claim that were not initially pled."  *Bruns  v. Nat'l Credit*

3    *Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266,

4    268 (9th Cir. 1982).  The Court does not find any continuing pattern of retaliation was alleged in

5    Plaintiff's third amended complaint.

6    **B.    Plaintiff's Exhausted Grievance**

7          Plaintiff contends that he had filed an inmate grievance concerning Defendants' retaliatory

8    actions on June 18, 2006, grievance No. CSP-06-03275.  Plaintiff contends that he raised issues

9    regarding prison officials' retaliation against Plaintiff, including contamination of meals, rupturing

10   of plastic seals on Jewish kosher meals, failing to provide "adequate"[2] vegetables and fruits, and that

11   he be provided only Kosher foods.

12         Assuming Plaintiff did exhaust administrative remedies as to the inmate grievance, Plaintiff

13   did not provide sufficient notice as to the remaining claim in this action, deprivation of food.

14   Plaintiff is correct that one of the crucial questions at issue here is what level of specificity is

15   required in Plaintiff's grievances.  Pursuant to Ninth Circuit law, when the prison grievance is silent

16   as to the level of specificity, "a grievance suffices if it alerts the prison to the nature of the wrong for

17   which redress is sought."  *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009) (quoting *Strong*

18   *v. David*, 297 F.3d 646, 650 (7th Cir. 2002)).

19         In *Griffin*, the Ninth Circuit concluded that the prisoner failed to exhaust properly regarding

20   a lower bunk assignment issue.  *Id.* at 1121.  The prisoner had filed a grievance alleging disregard

21   of his lower bunk assignment.  *Id.*  The officials that responded concluded that the nurse's order for

22   a lower bunk assignment resolved the prisoner's problem.  *Id.*  The prisoner did not clarify the

23   problem but instead continued to repeat his requests for a ladder.  *Id.*  The Ninth Circuit concluded

24   that the prisoner's inmate grievance failed to "provide enough information . . . to allow prison

25   _____

26   rights claims.

27        [2] Plaintiff contends that he implied a grievance regarding receiving inadequate portions of fruits and
     vegetables.  An examination of grievance No. CSP-06-03275 indicates that Plaintiff requested a variety of whole
28   fruits and vegetables.  This is not the same as a claim of inadequate portions, but rather dissatisfaction with the type
     of portions provided.

officials to take appropriate responsive measures." *Id.* (quoting *Johnson v. Testman*, 380 F.3d 691, 697 (2d Cir. 2004)).   Plaintiff contends that he does not have to specifically plead deprivation of food in his grievances in order to exhaust administrative remedies.   The Magistrate Judge found otherwise, and this Court agrees with the Magistrate Judge.   Plaintiff did not provide enough information for prison officials to take appropriate responsive measures regarding deprivation of food.   Thus, even though grievance No. CSP-06-3275 was appealed to the third level of review, it does not exhaust Plaintiff's claim regarding deprivation of food.

Plaintiff contends that each appeal at each level of review is different, and that the Magistrate Judge should have reviewed the issues raised "during the process" of the administrative grievance process. The Court finds no support for this argument in federal case law.   Inmates are required to use the inmate process provided at their institution.   *Woodford v. Ngo*, 548 U.S. 81, 85-86 (2006). In this instance, Plaintiff was to comply with Title 15 of the California Code of Regulations.   Title 15 required an inmate to grieve an issue within fifteen days of the date of the event occurring. Additionally, Plaintiff was to describe the problem and the action requested.   Plaintiff did not request any remedy for deprivation of food, but rather requested reinstatement of his kosher meal diet, and that his meals no longer be tainted.   The Court cannot find that Plaintiff provided sufficient notice for purposes of exhaustion with grievance No. CSP-06-3275.

## C.   Prison Officials' Interference With Exhaustion

Plaintiff contends that he was prevented from exhaustion by prison officials.   Plaintiff further contends that he does not need to exhaust administrative remedies via the 602 inmate grievance because Plaintiff had also submitted GA-22 forms, which are requests for interviews.

First, Plaintiff does not present evidence that he did appeal other inmate grievances.   Plaintiff contends that it is Defendants' burden to demonstrate that Plaintiff failed to exhaust administrative remedies, which is correct.   However, that is what Defendants did in their motion.   Defendants presented evidence that only three inmate grievances were exhausted within the approximate date of September 9, 2006.   Defs.' Mot. Dismiss, Doc. 90, Jennifer Jones Decl. Exs. A-C.   Defendants also presented evidence that none of these grievances exhausted Plaintiff's sole remaining claims for deprivation of food in violation of the First and Eighth Amendment.   The burden thus shifted to

1  Plaintiff to demonstrate that he exhausted all available administrative remedies.

2        Plaintiff's contention that GA-22 forms are sufficient to demonstrate administrative

3  exhaustion is unsupported by case law.  Plaintiff cites to *Brodheim v. Cry*, 584 F.3d 1262, 1271 n.4

4  (9th Cir. 2009), in support.  Footnote 4 reads as follows:

5        Appellees argue that the comment was not in response to the "grievance" (the 602
      form), but only the "interview request form." The applicability of the constitutional
6        right to redress of grievances does not hinge on the label the prison places on a
      particular complaint. It is clear that Brodheim's interview request -- a challenge to an
7        adverse ruling on his complaint -- was part of the grievance process, and was thus
      protected activity.

8  ///

9  *Id.*  Plaintiff contends that the above language means that Plaintiff has exhausted administrative

10  remedies when he filed GA-22 forms and did not receive a response because the interview form is

11  part of the grievance process.  This Court disagrees.  The above footnote refers to whether or not a

12  certain comment made by a prison official could be construed as retaliatory in nature in violation of

13  the First Amendment.  It does not address the issue of whether merely by filing a GA-22 form, a

14  prisoner can exhaust administrative remedies.  To allow otherwise would be to undermine a prison's

15  own regulatory measures for processing of grievances, which is contrary to applicable federal law.

16  *See Jones v. Bock*, 549 U.S. 199, 218 (2007) (proper exhaustion is defined by the prison grievance

17  process itself).  California prison regulations are clear as to how a prisoner goes about exhausting

18  administrative grievances.

19  **D.    Supplemental Jurisdiction**

20        As Plaintiff's First Amendment and Eighth Amendment claims will be dismissed without

21  prejudice for failure to exhaust administrative remedies, the Court declines to exercise supplemental

22  jurisdiction over Plaintiff's state law claim for violation of California Civil Code section 52.1.  28

23  U.S.C. § 1367(c)(3).

24  **E.    Conclusion**

25        Plaintiff's objections are insufficient to dispute the Magistrate Judge's Findings and

26  Recommendation.  Accordingly, IT IS HEREBY ORDERED that:

27        1.    The Findings and Recommendations, filed July 30, 2010, is adopted in full;

28        2.    Defendants' motion to dismiss, filed December 30, 2009, is GRANTED;

3.      Plaintiff's claims for food deprivation in violation of the First and Eighth Amendment are DISMISSED without prejudice for failure to exhaust administrative remedies against Defendants Magvas, Hernandez, Hamilton, Frescura, Cortez, Price, Alvarez, Aspieda, Vanzandt, Elize, Luna, and Vikjord;

4.      The Court declines to exercise supplemental jurisdiction over Plaintiff's claim for violation of California Civil Code section 52.1; and

5.      Defendants Magvas, Hernandez, Hamilton, Frescura, Cortez, Price, Alvarez, Aspieda, Vanzandt, Elize, Luna, and Vikjord are dismissed from the action.

IT IS SO ORDERED.

Dated:     February 15, 2011          _____

                                                    CHIEF UNITED STATES DISTRICT JUDGE