# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY LOUIS LAMON, | CASE NO. 1:07-cv-00493-AWI-DLB PC |
| Plaintiff, | ORDER DENYING MOTION FOR RECONSIDERATION |
| v. | (DOC. 143) |
| JOHN TILTON, et al., | |
| Defendants. | |

Plaintiff Barry Louis Lamon ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation, proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On March 23, 2011, the Court granted Defendant Wilber's motion to dismiss and dismissed this action without prejudice. Judgment was entered. Pending before the Court is Plaintiff's motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, filed September 19, 2011. Doc. 143.

Federal Rule of Civil Procedure 60(b) governs relief from orders of the district court. The Rule permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; . . . (3) fraud . . . by an opposing party, . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). The motion for reconsideration must be made within a reasonable time. *Id.*

Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotation marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." *Id.* (internal quotation marks and citation omitted). Local Rule 230(j) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not

1

shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marilyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation marks and citation omitted) (emphasis in original).

Plaintiff contends that the Court erred in dismissing some of Plaintiff's claims as fanciful and frivolous, and dismissing other claims for failure to exhaust administrative remedies. Plaintiff moves for the Court to vacate its previous orders dismissing claims, and for leave to file a fourth amended complaint.

Plaintiff presents no new arguments that merit reconsideration. As to Plaintiff's contention that his claims for food-tainting should not have been dismissed, Plaintiff submits exhibits concerning psychological experiments. Pl.'s Mot. 9-13 and Exs. 6, 7. The experiments cited do not persuade this Court that Plaintiff's allegations were not frivolous.

As to Plaintiff's contention that he exhausted administrative remedies, Plaintiff submits an inmate grievance filed on December 13, 2006. Pl.'s Mot., Ex. 5. This grievance was screened out several times by appeals coordinators for Plaintiff not complying with the grievance requirements. Plaintiff provides no explanation as to why he did not present this grievance when Defendants moved to dismiss for Plaintiff's failure to exhaust administrative remedies. To the extent Plaintiff claims to have evidence that Defendants interfered with filing administrative grievances, Plaintiff provides no reason why this evidence was not presented earlier. The court properly disregards evidence that is introduced for the first time in a motion for reconsideration but was available earlier. Zimmerman v. City of Oakland, 255 F.3d 734, 740 (9th Cir. 2001). The court finds Plaintiff has presented no cause for the Court to reconsider its previous orders.

1  Accordingly, it is HEREBY ORDERED that Plaintiff's motion for reconsideration, filed
2  September 19, 2011, is denied.
3  IT IS SO ORDERED.
4
   Dated:   April 25, 2012                                    /s/ signature
5                                                    CHIEF UNITED STATES DISTRICT JUDGE

3